IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No.   3:00-626 |
| vs. ) | C.A. No. 3:06-156-HMH |
| ) | |
| Brian Peter Zater, ) | |
| ) | **OPINION & ORDER** |
| Movant. ) | |

This matter is before the court on Brian Peter Zater's ("Zater") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court dismisses Zater's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Zater is one of five defendants charged in a multicount, superceding indictment on September 20, 2000, with conspiracy, armed bank robbery, and various firearm offenses. On November 9, 2000, pursuant to a plea agreement, Zater pled guilty to five of eight counts on which he was charged in the indictment. On March 28, 2001, Zater was sentenced to five hundred ninety four (594) months' imprisonment. In addition, Zater was sentenced to a five-year term of supervised release and ordered to pay $37,452.27 in restitution. Zater unsuccessfully attempted to file a late appeal.

On March 19, 2002, Zater filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255. The court dismissed Zater's motion to vacate, set aside, or correct his sentence pursuant to § 2255 in part on September 30, 2002. See United States v. Zater, 02-958-HMH (D.S.C. Sept. 30, 2002) (unpublished). On December 17, 2002, the court granted

1

the government's motion for summary judgment and dismissed Zater's remaining claims in his § 2255 motion. See United States v. Zater, 02-958-HMH (D.S.C. Dec. 17, 2002) (unpublished). The United States Court of Appeals for the Fourth Circuit denied Zater's request for a certificate of appealability on May 20, 2003. United States v. Zater, Nos. 02-7658, 03-6273, 2003 WL 21153398 (4th Cir. May 20, 2003) (unpublished). Zater filed another § 2255 motion on September 30, 2004, which was dismissed as successive on November 3, 2004. Zater filed the instant § 2255 motion on January 11, 2006.[1]

## II. DISCUSSION OF THE LAW

Zater alleges that the instant § 2255 motion, in which Zater raises a claim pursuant to United States v. Booker, 543 U.S. 220 (2005), is not successive in light of the Fourth Circuit's recent decision in In re Cabey, 429 F.3d 93 (4th Cir. 2005), reh'g granted, (4th Cir. Jan. 10, 2006). Because Zater has had a previous § 2255 motion adjudicated on the merits, the court must first determine whether the instant § 2255 motion is second or successive before it may consider the merits of the motion.[2] Id.

Under Cabey, if a prisoner could not have raised the issue(s) brought in a § 2255 motion in a previous motion, the instant motion is not "second or successive." Id. Cabey dealt with a new factual claim which could not have been raised in a previous § 2255 motion. Zater's Booker argument is a new legal claim. Under one interpretation, In re Cabey does not

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] Although Cabey concerned a petition under § 2254 instead of a § 2255 motion, the language for determining whether a motion is "second or successive" is identical, and case law interpreting the use of "second or successive" in one statutory section applies to the other. 429 F.3d at 96 n.4.

2

apply to new legal claims. Id. at 101-02 (Luttig, J. dissenting). Under this interpretation, Zater's Booker claim is successive. See e.g. United States v. King, No. 05-735, 2005 WL 2746599, at *1 n.1 (4th Cir. Oct. 25, 2005) (denying authorization to file a second and successive § 2255 motion on the basis of the rules announced in Booker) (unpublished).

Alternatively, Cabey may be interpreted to permit either claims which factually or legally did not exist at the time the first petition or motion was filed. 429 F.3d at 102 (Luttig, J., dissenting). Under this interpretation, a prisoner whose judgment was final pre-Booker and who has already had a § 2255 motion adjudicated on the merits may be able to assert a Booker claim in a § 2255 motion without having the motion deemed successive. However, even if Cabey allowed Zater to bring a Booker claim, Booker does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Hence, Booker is inapplicable to Zater and provides Zater no relief.

Therefore, it is

**ORDERED** that Zater's § 2255 motion is dismissed.

**IT IS SO ORDERED**.

                                         s/ Henry M. Herlong, Jr.
                                         United States District Judge

Greenville, South Carolina
January 20, 2006

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.